IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00098-BNB

STEVEN KIDERLEN,

    Applicant,

v.

J. OLIVER, Warden FCC-Florence-USP,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Steven Kiderlen, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Kiderlen initiated this action by filing *pro se* a "Petition for Writ of Habeas Corpus Relief Under 28 U.S.C. § 2241" (ECF No. 1). On January 15, 2014, he filed a "Supplemental Petition for Writ of Habeas Corpus Under 28 USC § 2241" (ECF No. 6). On February 3, 2014, Mr. Kiderlen filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 7). On February 6, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Kiderlen to show cause why this habeas corpus action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. On March 3, 2014, Mr. Kiderlen filed his response to the show cause order. (*See* ECF No. 11.)

    The Court must construe the papers filed by Mr. Kiderlen liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Kiderlen was convicted of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) following a jury trial in 2007 in the United States District Court for the Eastern District of Missouri. The judgment of conviction was affirmed on direct appeal. *See United States v. Kiderlen*, 569 F.3d 358 (8th Cir. 2009). Mr. Kiderlen alleges that he has challenged his conviction and sentence in the sentencing court by filing two motions pursuant to 28 U.S.C. § 2255. The sentencing court denied the most recent § 2255 motion because Mr. Kiderlen had not obtained permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion. *See Kiderlen v. United States*, No. 4:13CV01518 ERW, 2013 WL 4094371 (E.D. Mo. Aug. 13, 2013). Mr. Kiderlen also alleges that he has sought and been denied permission to file a second or successive § 2255 motion by the Eighth Circuit.

Mr. Kiderlen asserts two claims for relief. He first claims that the government failed to prove the child pornography was transported in interstate commerce because there was no evidence that the child pornography actually crossed state lines. Mr. Kiderlen concedes that this insufficient evidence claim cannot be raised in a second or successive § 2255 motion as provided in § 2255(h). He argues that it may be raised in a habeas corpus application pursuant to § 2241, however, because the claim is premised on a new statutory interpretation in *United States v. Wright*, 625 F.3d 583 (9th Cir. 2010), that was not available to him when he filed his first § 2255 motion in 2009.

2

Mr. Kiderlen contends in his second claim that the government withheld evidence at his trial that could have been used to impeach three witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Mr. Kiderlen maintains that he discovered the existence of the impeaching evidence in August 2013.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Kiderlen does not dispute, that his claims in this action challenge the validity of his conviction and sentence in the Eastern District of Missouri .  Therefore, Mr. Kiderlen's claims must be raised in the Eastern District of Missouri in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Kiderlen bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the

sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Kiderlen's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Kiderlen argues that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because he has attempted to raise his claims in the sentencing court in a second or successive § 2255 motion and has been denied the necessary authorization to do so. He also argues that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because the insufficient evidence claim is premised on caselaw decided after his first § 2255 motion had been denied and the *Brady* claim is premised on newly-discovered evidence. Finally, Mr. Kiderlen argues that a fundamental miscarriage of justice would occur if he is not allowed to raise his claims in a habeas corpus action pursuant to § 2241 because he is actually innocent. These arguments lack merit.

Mr. Kiderlen's unsuccessful efforts to file a second or successive § 2255 motion in the sentencing court do not demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.3d at 673 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."); *see also Caravalho*, 177 F.3d at 1179 ("[T]he mere fact [the movant] is precluded from filing a

second § 2255 petition does not establish that the remedy in § 2255 is inadequate.") The fact that Mr. Kiderlen's insufficient evidence claim is premised on a Ninth Circuit decision that was not available when he filed his initial § 2255 motion also does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. *See Prost*, 636 F.3d at 589 (concluding that the failure to raise a *Santos*-type argument prior to the Supreme Court's novel statutory interpretation in *United States v. Santos*, 553 U.S. 507 (2008), does not demonstrate the remedy available pursuant to § 2255 is inadequate or ineffective). With respect to Mr. Kiderlen's *Brady* claim that allegedly is premised on newly-discovered evidence, he fails to demonstrate the remedy available pursuant to § 2255 is either inadequate or ineffective because § 2255(h)(1) contemplates that newly discovered evidence may be the basis for a second or successive § 2255 motion. The Court need not consider whether the particular newly-discovered evidence claim Mr. Kiderlen seeks to raise satisfies the requirements of § 2255(h)(1) because "[t]he savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590; *see also Jameson v. Samuels*, – F. App'x –, No. 13-6237, 2014 WL 292620 at *3 (10th Cir. Jan. 28, 2014) (concluding that remedy provided in sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under § 2255(h)(1)). Finally, Mr. Kiderlen's actual innocence arguments do not demonstrate that he could not have raised his claims in an initial § 2255 motion. *See Prost*, 636 F.3d at 585 ("[T]he savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim.").

For these reasons, the Court finds that Mr. Kiderlen fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. As a result, the application must be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the amended application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   17th   day of     March     , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court